UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

Meagan E. Laino

                Debtor.

**NOTICE OF MOTION FOR**
**TERMINATION OF AUTOMATIC STAY**

Case No.: 19-36121-cgm
(Chapter 7)

Assigned to:
Hon. Cecelia G. Morris
Bankruptcy Judge

      Please take notice that Nationstar Mortgage LLC d/b/a Mr. Cooper, a secured creditor of Debtor, by the undersigned attorneys, will move this Court on October 22, 2019 at 11:00 a.m. or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, 355 Main Street, Poughkeepsie, NY 12601 for an Order pursuant to 11 U.S.C. §362(d)(1) and 11 U.S.C. §362(d)(2) terminating the automatic stay as to movant's interest in real property commonly known as 205 Crestwood Court, Fishkill, NY 12524 and for such other relief as the Court may deem proper.

      In the event that this motion is scheduled to be heard beyond the time-period set forth in 11 U.S.C. Section 362(e) or is subsequently adjourned beyond said time period, Secured Creditor hereby waives its rights under 11 U.S.C. Section 362(e) and agrees to be bound by the Order of the Court on the instant Motion.

DATED:    September 11, 2019
                Williamsville, New York

                                                Yours,

                                                By: _____
                                                    Ehret Anne Van Horn, Esq.
                                                    GROSS POLOWY, LLC
                                                    Attorneys for Secured Creditor
                                                    Nationstar Mortgage LLC d/b/a Mr. Cooper
                                                    1775 Wehrle Drive, Suite 100
                                                    Williamsville, NY 14221
                                                    Telephone (716)204-1700

TO:

| | |
|---|---|
| Meagan E. Laino<br>205 Crestwood Court<br>Fishkill, NY 12524 | Debtor |
| Anthony D. Laino<br>205 Crestwood Court<br>Fishkill, NY 12524 | Co-Debtor |
| Devon Salts, Esq.<br>1542 Route 52<br>Fishkill, NY 12524 | Attorney for Debtor |
| Marianne T. O'Toole, Esq.<br>Marianne T. O'Toole, LLC<br>22 Valley Road<br>Katonah, NY 10536 | Chapter 7 Trustee |
| Office of the United States Trustee<br>11A Clinton Ave.<br>Room 620<br>Albany, NY 12207 | U.S. Trustee |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

Meagan E. Laino
             Debtor.

**AFFIRMATION**

Case No.: 19-36121-cgm
(Chapter 7)

Assigned to:
Hon Cecelia G. Morris
Bankruptcy Judge

      I, Ehret Anne Van Horn, Esq., am an attorney duly licensed to practice law in the Courts of this State and in the United States Bankruptcy Court for the Southern District of New York and hereby state as follows:

      1.    I submit the within Affirmation under penalty of perjury in support of the motion of Nationstar Mortgage LLC d/b/a Mr. Cooper ("Secured Creditor"), a Secured Creditor of the above-referenced Debtor, to terminate the automatic stay in this case with respect to the real property commonly known as 205 Crestwood Court, Fishkill, NY 12524.

      2.    Secured Creditor is the holder of a note executed by Anthony D. Laino on or about the 25th day of May, 2007 in the principal amount of $197,600.00 and interest (the "Note"), secured by a mortgage executed by Anthony D. Laino and Meagan Laino bearing even date therewith, which is recorded in the Office of the Dutchess County Clerk on the 7th day of June, 2007 in Document Number: 0120077922 of Mortgages covering the premises commonly known as 205 Crestwood Court, Fishkill, NY 12524 (the "Mortgaged Premises"). A copy of the Note, Mortgage, and Assignment, is annexed hereto as **Exhibit 'A'**.

      3.    On the 9th day of July, 2019 Debtor Meagan E. Laino filed a Petition under Chapter 7 of Title 11 U.S.C. §101 et seq with this Court, and an Order for relief was duly entered.

4. The Note and Mortgage provide that the Debtor will be in default if they do not make full monthly payments on each due date. As of August 26, 2019, the Debtor is due for 91 payments in the amount of $2,200.63 each for the months of January 1, 2012 to July 1, 2019 and 1 payment in the amount of $2,406.39 for the month of August 1, 2019 and has not cured said default. Furthermore, 1 payment due on September 1, 2019 and October 1, 2019 will be due at the date this motion is heard. A Motion for Relief from Stay Worksheet is attached hereto as **Exhibit 'B'**.

5. As of the 26th day of August, 2019, there is a total indebtedness on the Note and Mortgage in the sum of $382,430.60. Interest on the unpaid principal balance will continue to accrue, and to protect its security in the Mortgaged Premises Secured Creditor may be required to make advances for property taxes, insurance and related matters.

6. Based on the Debtor's Schedules attached hereto as **Exhibit 'C'**, said real property is valued at $269,000.00. Based on the Secured Creditor's lien amount and the value of the Mortgaged Premises, there is no equity in the premises.

7. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property..." As set forth above, cause exists to vacate the automatic stay as the Debtor has failed to make monthly mortgage payments to Secured Creditor.

8. Furthermore, Section 362(d)(2) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from stay imposed by Section 362(a) if "(A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization." See, 11 U.S.C. § 362(d)(2)(A)-(B). Therefore, the Secured Creditor is entitled to relief pursuant to 11 U.S.C. § 362(d)(2) as there exists no equity in the Premises after costs of sale. The Secured Creditor submits that the Mortgaged Premises are not necessary for the effective reorganization of the Debtor as the instant case is a Chapter 7 liquidation case.

9. Debtor is entitled to a homestead exemption as the Mortgaged Premises is also his/her homestead.

10. A Memorandum of Law is submitted herewith.

11. A copy of a proposed Order granting the relief sought by Secured Creditor is annexed hereto as **Exhibit 'D'**.

12. In the event that this motion is scheduled to be heard beyond the time-period set forth in 11 U.S.C. Section 362(e) or is subsequently adjourned beyond said time period, Secured Creditor hereby waives its rights under 11 U.S.C. Section 362(e) and agrees to be bound by the Order of the Court on the instant Motion.

13. A Rule 55 Affidavit is annexed hereto as **Exhibit 'E'**.

14. No prior application has been made for the relief requested herein.

**WHEREFORE**, Secured Creditor respectfully requests that an Order be granted terminating the automatic stay immediately as to Secured Creditor's interest in the Mortgaged Premises together with such other, further and different relief as the Court may deem just in this matter.

DATED:  September 11, 2019
Williamsville, New York

Yours,

By: _____
Ehret Anne Van Horn, Esq.
GROSS POLOWY, LLC
Attorneys for Secured Creditor
Nationstar Mortgage LLC d/b/a Mr. Cooper
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
Telephone (716)204-1700